IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **DERRICK ADAMSON,** | ) |
| **Plaintiff,** | ) ) ) |
| | ) Civil Action No. 2:24-00014 |
| v. | ) ) |
| **PAM GIVENS,** *et al.*, | ) ) |
| **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Withdraw Civil Action Case No. 2:24-cv-00014" (Document No. 11), filed on August 21, 2024. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURAL BACKGROUND

On January 8, 2024, Plaintiff, acting *pro se*,[1] filed his Motion to Proceed Without Prepayment of Fees and a Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document Nos. 1, 2, and 2-2.) In his Complaint, Plaintiff names the following as Defendants: (1) Pam Givens, Health Services Administrator at Mount Olive Correctional Complex ("MOCC"); (2) Shirley Hamrick, Registered Nurse at MOCC for Wexford Health Sources; (3) Donald Ames, Superintendent of MOCC; (4) PSI Medical; and (5) Michael G. Millhollin, CPS-

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

SR at MOCC. (Document No. 2-2.) Plaintiff alleges that Defendants are violating his constitutional rights under the Eighth Amendment and the Americans with Disabilities Act by failing to arrange for Plaintiff to participate in the Medication for Addiction Treatment ("MAT") program. (Id.) Plaintiff explains that he has been diagnosed with opioid use disorder, but Defendants refuse to provide him treatment. (Id., p. 1.) Specifically, Plaintiff appears to claim he is being denied medications for his opioid use disorder. (Id.) Plaintiff complains that he is "always told he does not meet the criteria and just because [he has opioid use disorder] does not mean treatment is necessary." (Id.) Plaintiff alleges that he "experiences feeling anxious, depressed, withdrawn, suspicious, and in constant fear of when his condition will lead to his death." (Id.) Plaintiff states that he has submitted sick calls for treatment of the foregoing, but he is "never treated as a patient but as a nuisance." (Id.) Plaintiff asserts that the following "major life activities" are affected by his opioid use disorder: "Eating, learning, reading, concentrating, thinking, communication and working." (Id., p. 2.) As relief, Plaintiff requests "declaratory and injunctive relief." (Id., p. 4.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a Memorandum dated November 27, 2023, from Plaintiff to the Defendants regarding "Notice of Intent to Sue" (Document No. 2-2, p. 1); (2) A copy of Plaintiff's "WVDCR Inmate Grievance Form" dated March 23, 2023 (Id., pp. 2 - 3); (3) A copy of Plaintiff's "WVDCR Inmate Grievance Form" dated August 11, 2023 (Id., p. 4); (4) A copy of a Memo dated September 11, 2023, from Deputy Superintendent Josh Ward to Plaintiff regarding the information requested regarding the Sublocade Program (Id., pp. 5 and 17); (5) A copy of a Memorandum dated April 6, 2023, from Plaintiff to "All that it Concerns" regarding the Sublocade Program (Id., p. 6); (6) A copy of a Memorandum dated April 7, 2023, from Plaintiff to "All that it Concerns" regarding "Questions about the Sublocade Program" (Id., p. 7); (7) A copy of a "Fact Sheet: Drug Addiction and Federal Disability Rights Laws" from the United States Department of Health and Human Services (Id., p. 8); (8) A

copy of Plaintiff's "Inmate Health Services Request Form" dated March 31, 2023 (Id., p. 9); (9) A copy of Plaintiff's "Inmate Health Services Request Form" dated March 21, 2023 (Id., p. 10); (10) A copy of Plaintiff's "Inmate Health Services Request Form" dated March 22, 2023 (Id., p. 11); (11) A copy of Plaintiff's "Inmate Health Services Request Form" dated November 11, 2023 (Id., p. 12); (12) A copy of Plaintiff's "6 exact questions" to Pam Givens dated November 22, 2023 (Id., p. 13); (13) A copy of Plaintiff's questions to the Superintendent's Office regarding the Sublocade Program dated September 7, 2023 (Id., pp. 14 – 15); (14) A copy of "Important Safety Information for Vivitrol" (Id., p. 16); (15) A copy of Plaintiff's response to Deputy Superintendent Ward (Id., p. 18); (16) A copy of a letter from Mount Olive Bible College dated September 14, 2023 (Id., p. 19); (17) A copy of Plaintiff's High School Equivalency Diploma (Id., p. 20); (18) A copy of Plaintiff's certificate from Mountain Recovery for completion of 20 "recovery support groups meetings" (Id., pp. 21 and 24); (19) A copy of Plaintiff's "Mountain Recovery Certificate of Graduation" (Id., p. 22); (20) A copy of Plaintiff's certificate from Mountain Recovery for "work and commitment involved in the Mentor Training Workshop" (Id., p. 23); (21) A copy of Plaintiff's "Inmate/Resident ADA Reasonable Accommodation Request Resolution Form" dated April 4, 2023 (Id., pp. 25 - 26); (22) A copy of articles regarding "MOUD for people who are incarcerated" (Id., pp. 27 – 28); and (23) A copy of "Article 15A. Addiction Treatment Pilot Program" from the West Virginia Code (Id., pp. 29 – 36).

By Order entered on July 31, 2024, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 6.) On August 14, 2024, Defendants Givens and Hamrick filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 8 and 9.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) "Plaintiff's claims under Title II of the Americans with Disabilities Act must be dismissed because these Defendants are not covered entities under the section of the

Act" (Document No. 9, pp. 4 -5); and (2) "The Plaintiff has failed to state a claim against these Defendants for deliberate indifference to serious medical needs" (Id., pp. 5 – 8). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 15, 2024, advising him of the right to file a response to the Defendants Givens and Hamrick's Motion to Dismiss. (Document No. 10.) On August 21, 2024, Plaintiff filed his "Motion to Withdraw Civil Action Case No. 2:24-cv-00014." (Document No. 11.) Specifically, Plaintiff requests that the above action be withdrawn and dismissed. (Id.) In support, Plaintiff states that he "was provided treatment (MAT) soon after the filing of this civil action by Wexford Medical Services provider from MOCC." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the

prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that Plaintiff's Motion to Withdraw should be granted. The undersigned notes that even though Defendants Givens and Hamrick filed a Motion to Dismiss, there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants Givens and Hamrick's Motion relies upon the arguments that Defendants were not covered entities for purposes of Plaintiff's ADA claim and Plaintiff failed to state a deliberate indifference claim. Considering the second factor, the undersigned notes that there has been no delay or lack of diligence on the part of Plaintiff. Considering the third factor, Plaintiff sets forth a reasonable explanation that he has now received his requested relief. As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Defendants. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting the withdrawal and voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's "Motion to Withdraw Civil Action Case No. 2:24-cv-00014" (Document No. 11), **DENY as moot** Defendants Givens and Hamrick's Motion to Dismiss (Document No. 8), **DISMISS** Plaintiff's Complaint (Document Nos. 2 and 2-2) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: August 26, 2024.



Omar J. Aboulhosn
United States Magistrate Judge